ERIN J. RADEKIN
Attorney at Law - SBN 214964
428 J Street, Suite 350
Sacramento, California 95814
Telephone: (916) 446-3331
Facsimile: (916) 447-2988

Attorney for Defendant
BISMARK MARTIN OCAMPO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:07-cr-00248-WBS-8 |
| Plaintiff, ) | |
| v. ) | **UNOPPOSED REQUEST TO MODIFY BRIEFING SCHEDULE; ORDER** |
| BISMARK MARTIN OCAMPO, ) | |
| Defendant. ) | |

On June 15, 2015, Defendant, BISMARK MARTIN OCAMPO, filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  CR 1338. Thereafter, undersigned counsel was appointed to represent Mr. Ocampo.  CR 1367.  On November 20, 2015, the Court set a briefing schedule beginning with the defense's amended motion to reduce sentence.  CR 1368.  For the reasons set forth below, the parties file this stipulated request to vacate the current briefing schedule and re-set a new briefing schedule as follows:

    Amended motion to reduce sentence     **February 12, 2016**

    Government's opposition     **February 26, 2016**

    Defendant's reply, if any     **March 4, 2016**

Mr. Ocampo entered his guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  *See* Exhibit A to government's opposition to motion to reduce sentence pursuant to § 3582(c)(2).  CR 1343-1.  In *United States v.*

UNOPPOSED REQUEST TO MODIFY BRIEFING SCHEDULE - 1

*Austin*, 676 F.3d 924 (9th Cir. 2012), the Ninth Circuit held that an 11(c)(1)(C) binding plea agreement must make clear the particular Guideline range on which the defendant's sentence was based in order for the defendant to be eligible for a reduction under 18 U.S.C. § 3582(c)(2). The *Austin* court based its holding on Justice Sotomayor's opinion in *Freeman v. United States,* 131 S. Ct. 2685 (2011)(a fractured 4-1-4 opinion), concluding that such opinion is the controlling opinion of the United States Supreme Court pursuant to *Marks v. United States,* 430 U.S. 188 (1977) ("Justice Sotomayor's concurrence is the controlling opinion because it reached this conclusion [that a (c)(1)(C) agreement did not bar eligibility for a sentence reduction] on the 'narrowest grounds.'" *Austin,* 676 F. 3d at 927-28). In January 2015, the Ninth Circuit affirmed *Austin* in *United States v. Davis*, 776 F.3d 1088 (9th Cir. 2015), in a 2-1 opinion. The defense does not dispute that Ninth Circuit law under *Austin* and *Davis* precludes a reduction in Mr. Ocampo's case based on the fact that his binding plea agreement does not contain reference to a particular guideline range as the basis for the stipulated sentence.

However, in her concurrence in *Davis*, Judge Berzon called for *en banc* review to consider whether *Austin* was correctly decided. *Davis*, 776 F.3d at 1091. The Ninth Circuit granted *en banc* review of *Davis* on August 6, 2015, and heard oral argument on September 10, 2015, but has not yet issued a ruling. If this Circuit rejects *Austin*'s finding that Justice Sotomayor's opinion controls on the very issue barring Mr. Ocampo from the requested relief, the Ninth Circuit may fashion a new and different rule that would be applicable to Mr. Ocampo's case. In other words, the parties respectfully submit that this Court should await the resolution of the petition for *en banc* review in *Davis* to ascertain the law to be applied to Mr. Ocampo's motion for a sentence reduction.

Therefore, the parties respectfully stipulate and request that this Court modify the briefing schedule as set forth above.

Dated: December 28, 2015

BENJAMIN WAGNER
United States Attorney

By:   /s/ Jason Hitt
JASON HITT
Assistant United States Attorney

Dated: December 28, 2015

/s/ Erin J. Radekin
ERIN J. RADEKIN
Attorney for Defendant
BISMARK MARTIN OCAMPO

**ORDER**

Pursuant to the parties' stipulation, and good cause appearing, it is hereby ordered that the briefing schedule relating to defendant's motion pursuant to § 3582(c)(2) be modified as follows:

Amended motion to reduce sentence       **February 12, 2016**

Government's opposition       **February 26, 2016**

Defendant's reply, if any       **March 4, 2016**

Dated:  December 28, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE